JAIME A. LEAÑOS, Attorney at Law (#159471)
LAW OFFICES OF MORALES & LEAÑOS
75 East Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone:  (408) 294-6800
Facsimile:   (408) 294-7102
Email: jleanoslaw@pacbell.net

Attorney for Plaintiff
JEFFREY RODRIGUEZ


ANN MILLER RAVEL, County Counsel (S.B. #62139)
DAVID M. ROLLO, Deputy County Counsel (S.B. #111998)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240
Emai: david.rollo@cco.sccgov.org


Attorneys for Defendants
COUNTY OF SANTA CLARA, SANTA
CLARA COUNTY OFFICE OF THE
DISTRICT ATTORNEY, SANTA
CLARA COUNTY CRIME
LABORATORY, MARK MORIYAMA,
JOHN LUFT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE)

| | |
|---|---|
| JEFFREY RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> THE COUNTY OF SANTA CLARA; SANTA CLARA COUNTY OFFICE OF THE DISTRICT ATTORNEY; SANTA CLARA COUNTY CRIME LABORATORY; MARK MORIYAMA; JOHN LUFT; CARMELO RAMIREZ, and Does 1 Through 50, Inclusive, <br><br> Defendants. | No.   C08-01377 JF <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Hearing Date: August 8, 2008 <br> Time:              10:30 a.m. <br> Courtroom:     3 |

The parties to the above-entitled action jointly submit this Case Management Statement

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement and
Proposed Order                              -1-                              C08-01377 JF

and Proposed Order and request the Court to adopt it as its Case Management Order in this Case.

1. Jurisdiction and Service

Jurisdiction in this Court is proper under the federal question asserted in the Complaint. All named defendants have been served. Defendant Carmelo Ramirez has not appeared. The County defendant's agreed to accept service and will have filed their answer on or before August 4, 2008.

2. Summary of Facts

On December 10, 2001 around 9:00 p.m., in the city of San Jose, County of Santa Clara, Carmelo Ramirez was robbed at Kragen's Auto Store as he was closing up. A surveillance camera captured the incident on a videotape and it lasted about 25 seconds. At that time, Ramirez, the assistant manager, was working in the back near doors to the loading dock. The robber took his wallet and keys at gunpoint. The robber wore a hood over his head and was able to get away. The next day the victim went to the DMV to replace his license. The victim looked back in the line and saw plaintiff Jeffrey Rodriguez, heard his voice, and believed he was the person who robbed him the day before. The police were called and plaintiff Rodriguez was arrested at the DMV. Immediately after plaintiff Rodriguez was arrested his car and house were searched by the police. No weapon and no items belonging to the victim Ramirez were found. A black leather jacket belonging to plaintiff was among the items seized. A felony complaint for armed robbery was filed against Rodriguez on December 13, 2001.

A preliminary hearing was held in August 2002 and Ramirez testified that Rodriguez was the perpetrator. Ramirez also testified to various facts that are alleged to be different than what he originally told police shortly after the robbery. Those facts include the ethnicity, height, and the type of clothes the robber wore. Rodriguez was bound over for trial.

On August 21, 2002, SJPD detective Pomeroy delivered a pair of Rodriguez's blue jeans to the Santa Clara County Crime Lab for analysis of some stains that were visible on the jeans. Pomeroy believed the stains could be some sort of oil as the rear of the Kragen's store was littered with oil stains and various containers of oil left there by customers.

On October 2, 2002, defendant Mark Moriyama released his Physical Evidence Examination Report regarding the stains. The report stated: "The dark stain was determined to possess chemical characteristics indicative of motor oil and oil or fat of plant or animal origin." In February 2003, Rodriguez was tried for armed robbery. Ramirez testified and positively identified Rodriguez as the robber. Ramirez's testimony regarding the clothes the robber was wearing is alleged to have been different than previous descriptions he had given. Moriyama testified that the stain on Rodriguez's jeans had all the chemical characteristics of motor oil. Prosecutor Luft used Moriyama's findings to argue to the jury that this evidence placed Rodriguez at the scene of the robbery. After the first trial the jury hung eleven to one for acquittal.

Sometime around a week before the second trial in April 2003, Ramirez met with prosecutor John Luft and detective Pomeroy. Ramirez watched the surveillance video of the store robbery and was also shown Rodriguez's black leather jacket. During the second trial, Ramirez again identified plaintiff as the robber. He also testified the robber was wearing a black jacket similar to the one seized by police in December 2001, and which he had examined during the pretrial meeting with Luft and Pomeroy. Plaintiff alleges this testimony was inconsistent with his prior description of the clothing worn by the robber. Moriyama also testified consistent with his prior opinion regarding the stain on plaintiff's jeans. At the end of the trial Rodriguez was convicted and sentenced to twenty-five years in State Prison.

Rodriguez began the lengthy appeals process. In June 2006, the Sixth District Court of Appeals reversed the conviction and remanded the case to the Superior Court for further proceedings. Deputy District Attorney David Pandori and Deputy Public Defender Andrew Gutierrez were assigned to the case. The evidence in the case received a full review.

Pandori had Rodriguez's audio-taped police interrogation transcribed in full. He noticed during a break in the questioning, when Rodriguez was alone in the room, some barely audible comments by Rodriguez expressing shock at his arrest and the predicament in which he found himself. Plaintiff contends this portion of the interview had not been disclosed to the defense in either of the two prior trials. Defendant denies any intentional or wrongful non-disclosure.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement and
Proposed Order                -3-                                    C08-01377 JF

Pandori and Gutierrez also agreed to conduct a video "reenactment" of the robbery using plaintiff's black leather jacket.  In Pandori's opinion, the results of the reenactment created reasonable doubt that the leather jacket was the same garment worn by the robber that had been captured by surveillance video on the night in question.  In addition, the robber in the surveillance video wore black shoes, while the only shoes Rodriguez claims he owned at the time of his arrest were white tennis shoes.  Pandori also believed that the initial police interrogation of Rodriguez was plagued by confusion over days and dates, and also created reasonable doubt as to plaintiff's guilt.

Prior to the third trial, Pandori submitted Rodriguez's pants to the Department of Justice Crime Laboratory for examination.  The results from the Department of Justice Laboratory were stated as follows: "no foreign chemicals/or oils were detected in the stain."  There was also a visual inspection for oils done on Rodriguez' tennis shoes that were determined not to have any oil stains present.

Plaintiff Rodriguez also alleges that prosecutor Luft never turned over prior convictions of Carmelo Ramirez that were relevant to the impeachment of Ramirez's credibility.  Plaintiff further alleges that there was an unwritten policy of "win at all costs" that resulted in Luft not disclosing evidence in an effort to obtain a conviction.  Defendants deny all these allegations.  On February 2, 2007, the case against Jeffrey Rodriguez was dismissed.  Three days later he was released from custody, and on December 20, 2007, Judge Andrea Bryan declared plaintiff factually innocent of the crime for which he had been convicted.

3. <u>Principal Factual Issues Which Parties Dispute:</u>

    a.  The nature and extent of any alleged falsehoods, discrepancies or inconsistencies in the testimony of Carmelo Ramirez.

    b.  The nature and extent of any alleged mistakes, errors or inconsistencies in the testing procedures and report prepared by Moriyama regarding the stained jeans.

    c.  The nature and extent of any alleged falsehoods, discrepancies or inconsistencies in the testimony of Mark Moriyama.

    d.  The nature and extent of the meeting between Ramirez, Luft and Pomeroy just prior to

the second trial in April, 2003.

 e. Whether the investigation following the Sixth District's decision to overturn and remand the case raised any evidence suppression or disclosure issues over allegedly exculpatory evidence.

 f. The nature and extent of any policies, practices, procedures or training in the District Attorney's office that allegedly caused or contributed to any violation of plaintiff's rights.

 g. The nature and extent of any policies, practices, procedures or training in the Santa Clara County Crime Lab that allegedly caused or contributed to any violation of plaintiff's rights.

 h. The nature and extent of plaintiff's alleged conduct as a causal or contributing factor to any alleged damages.

 i. Whether any of the alleged conduct was a substantial factor in causing the alleged damages.

 j. The nature and extent of damages.

 k. Whether the protocol of the Santa Clara County Crime Lab fell below the standard of care within the scientific community.

4. <u>Legal Issues</u>

 a. The applicability of legal immunity available to Ramirez and Moriyama as witnesses testifying at a trial.

 b. The applicability of absolute immunity to the alleged actions of Luft and Moriyama as part of the prosecution of plaintiff.

 c. The applicability of qualified immunity to the alleged actions of Luft and Moriyama under the objectively reasonable standard.

 d. The applicability of state law immunities, including Government Code sections 820.2 and 821.6 to the alleged actions of Luft and Moriyama.

 e. Whether any policies, practices, procedures or training on the part of the public entity defendants amounted to deliberate indifference to plaintiff's rights.

 f. Whether any of the defendants are considered state officials and are not subject to suit under section 1983.

g. Whether a "negligent hiring" claim can be maintained against any of the public entity defendants.

h. Whether the protocol of the Santa Clara County Crime Lab fell below the standard of care within the scientific community.

5. Motions

There are no Rule 12 motions pending. All defendants anticipate filing dispositive motions and request the case management schedule take those motions into account.

6. Amendments

None are anticipated at this time.

7. Disclosures

Plaintiff provided initial disclosures with documents on June 27, 2008. Defendants anticipate compliance with FRCP 26 prior to the Case Management Conference.

8. Discovery

Counsel have met and conferred regarding discovery. No modification of the discovery guidelines in the FRCP are requested at this time. The parties believe fact discovery can be completed by July, 2009.

9. Settlement and ADR

Counsel have met and conferred regarding ADR. Given the nature of the allegations and the assertion of various immunities by defendants, it is believed that settlement at this early stage is unlikely. The parties agree to a settlement conference before Magistrate Seeborg at or around the time the dispositive motions have been filed and/or heard.

10. Consent to Magistrate Judge

The parties consent to a settlement conference with Magistrate Judge Seeborg at an appropriate time. There is no consent to a Magistrate Judge for all purposes.

11. Narrowing of Issues

The parties will meet and confer further on these issues following the review of the initial disclosures and discovery.

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Joint Case Management Statement and
Proposed Order                    -6-                           C08-01377 JF

12. Scheduling

The parties request a trial date in October 2009. The parties continue to meet and confer regarding expert discovery, dispositive motion and fact discovery cut-off dates.

Dated: August 4, 2008

MORALES & LEANOS

By:      /S/
JAIME LEANOS

Attorney for Plaintiff
JEFFREY RODRIGUEZ

Dated: August 4, 2008

ANN MILLER RAVEL
County Counsel

By:      /S/
DAVID M. ROLLO
Deputy County Counsel

Attorneys for Defendants
COUNTY OF SANTA CLARA, SANTA CLARA COUNTY OFFICE OF THE DISTRICT ATTORNEY, SANTA CLARA COUNTY CRIME LABORATORY, MARK MORIYAMA, JOHN LUFT

137762.wpd